# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| THE ANGELS LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ASPEN INSURANCE, UK, LTD.,<br><br>    Defendant. | 14-CV-1008-LRR<br><br>**ORDER** |

  The matter before the court is Defendant Aspen Insurance, UK, Ltd.'s ("Aspen") Motion to Dismiss ("Motion") (docket no. 11).

  On February 24, 2014, Plaintiff The Angels LLC ("Angels") filed a Petition ("Complaint") (docket no. 2) in the Iowa District Court for Dubuque County, Case No. 01311 LACV058165, alleging that Aspen breached its contract with Angels (Count I); Aspen's breach of contract was in bad faith, which warrants an award of punitive damages (Count II); and Aspen did not meet Angels's reasonable expectations based on the terms of the insurance policy (Count III). On March 25, 2014, Aspen removed the action to this court on the basis of diversity of citizenship.[1]  Notice of Removal (docket no. 1).  On March 27, 2014, Angels filed a "Motion to Withdraw as Counsel" ("Motion to Withdraw") (docket no. 4) in which Michael McDonough sought to withdraw as Angels's counsel.  On April 16, 2014, Chief Magistrate Judge Jon Scoles granted Angels's Motion to Withdraw.  April 16, 2014 Order (docket no. 10).  In the April 16, 2014 Order, Judge Scoles advised Angels "that a corporation can only appear in federal court by an attorney" and that "an attorney admitted to practice in the Northern District of Iowa must file an appearance on [Angels's] behalf or it will be deemed in default."  *Id.* at 1.  Judge Scoles

---

  [1] For purposes of diversity jurisdiction, Angels is a citizen of Iowa.  Aspen is a citizen of Bermuda.

also stated that "[n]ot later than April 30, 2014, an attorney must enter an appearance on behalf of Plaintiff, or the Plaintiff will be deemed in default." *Id.* at 2.

On May 13, 2014, Aspen filed the Motion. In the Motion, Aspen requests that the court dismiss Angels's Complaint "with prejudice because Angels, a limited liability company, is in default, and remains unrepresented by counsel," pursuant to 28 U.S.C. § 1654. Motion at 1. Angels did not respond to the Motion, and the time for doing so has now passed. *See* LR 7(e) ("Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion . . . ."); *see also* LR 7(f) ("If no timely resistance to a motion is filed, the motion may be granted without notice.").

The court finds that since a corporation may not proceed pro se and no attorney has filed an appearance by the April 30, 2014 deadline, Angels is in default. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed *pro se*."); *Carr Enters. Inc. v. United States*, 698 F.2d 952, 953 (8th Cir. 1983) ("While 28 U.S.C. § 1654 protects parties['] rights to plead and conduct their own cases, that right has never been interpreted to allow an individual to appear for a corporation pro se."). Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Unless the dismissal states otherwise, a dismissal under [Federal Rule of Civil Procedure 41(b)] . . . operates as an adjudication on the merits." *Id.* Because Angels failed to comply with Judge Scoles's April 14, 2014 Order, is in default because it is not represented by counsel and the Motion is unresisted, the court shall grant the Motion.

In light of the foregoing, Defendant Aspen Insurance, UK, Ltd.'s Motion to Dismiss (docket no. 11) is **GRANTED.** The Clerk of Court is **DIRECTED TO**

**DISMISS** Angels's Complaint (docket no. 2) **WITH PREJUDICE AND CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 4th day of June, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA